KAREN NELSON MOORE, Circuit Judge,
concurring.
Although I agree with the majority’s construction of 18 U.S.C. §§ 921(a)(33)(A) and 922(g)(9), and the decision to affirm the district court’s judgment, I write separately to address the application of the modified-categorical analysis. I agree that the force requirement for a misdemeanor crime of domestic violence is identical to that specified under the crime-of-violence statute and the ACCA. In light of that conclusion, I believe this case presents a straightforward application of the Supreme Court’s opinion in Johnson v. United States, — U.S. —, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), and of our subsequent decision in United States v. McMurray, 653 F.3d 367 (6th Cir.2011). In my view, this application also eschews drawing unnecessary comparisons between the seriousness of certain domestic-violence offenses and injuries.
At bottom, McMurray involved the same assault statute underlying the domestic-violence offense at issue here, which prohibits “[ijntentionally, knowingly or recklessly caus[ing] bodily injury to another.” Tenn.Code Ann. § 39-13-111; see also McMurray, 653 F.3d at 372. Because that statute criminalizes reckless conduct, it is not subject to the categorical approach. McMurray, 653 F.3d at 375. Thus, the question is whether Castleman, whose guilty plea was confined to “intentionally or knowingly causing] bodily injury” to the mother of his child, R. 109-1 (State Ct. Indictment), meets the “use or attempted use of physical force” requirement for a misdemeanor crime of domestic violence under the modified-categorical approach. See 18 U.S.C. 921(a)(33)(A).
Although some Sixth Circuit, cases, such as United States v. Alexander, 543 F.3d 819, 823 (6th Cir.2008), suggest that a bodily-injury requirement alone could be enough to qualify a statute as a crime of violence, this results-oriented approach does not square with the Supreme Court’s analytical approach to the physical-force requirement for a violent felony. In Johnson, the Court rejected the notion that “any intentional physical contact, no matter how slight” could qualify as a violent felony. 130 S.Ct. at 1270 (internal quotation marks omitted). Instead, the Supreme Court defined ‘physical force’ as “violent force — that is, force capable of causing physical pain or injury to another person.” Id. at 1271 (second emphasis added). It further noted that the term “ ‘violent’ ... connotes a substantial degree of force.” Id. Following this analysis, it is not enough to look only at the result of the defendant’s conduct; instead, the focus must be on the nature of the force proscribed by the statute and whether the conduct itself necessarily involves violent force.
Applying this standard to the Tennessee assault statute, we have questioned whether an element specifying that a defendant “ ‘cause[ ] serious bodily injury’ necessarily requires the ‘use of physical force’ ” for purposes of the ACCA. McMurray, 653 F.3d at 374 n. 6 (internal citations omit *593 ted). Indeed, as we recognized in McMurray, the Tennessee assault statute “does not define ‘serious bodily injury’ to require any particular degree of contact.” Id. Thus, “[although we might expect that someone who causes serious bodily injury to another did so with a strong physical force, the statute does not require it.” Id. (alteration in original); cf. United States v. Villegas-Hernandez, 468 F.3d 874, 879 (5th Cir.2006) (evaluating a comparable bodily-injury requirement, which encompassed causing pain, illness, or physical impairment, and concluding that such injuries “could result from any of a number of acts [performed] without use of ‘destructive or violent force’ ”), cert. denied, 549 U.S. 1245, 127 S.Ct. 1351, 167 L.Ed.2d 144 (2007). By extension, the requisite force under Tennessee’s domestic-violence statute is similarly unspecified, and thus, even the modified-categorical approach does not bring Castleman’s conviction within the confines of a misdemeanor crime of domestic violence.